Dear Ms. Hendl,
On April 11, 2008, our office issued a Letter of Advice to you regarding certain payments mandated by La.R.S. 13:793, which provides:
 The Department of Corrections, out of its appropriated funds, shall annually pay the sum of six thousand dollars into the salary fund of the clerk of court of each parish for each state adult correctional facility located in the parish in consideration of services rendered by that clerk of court to the adult correctional facility or by reason of its location in the parish.
Your request for the Letter of Advice stated that your office has not been receiving annual payments from the Department of Corrections ("Department") despite numerous requests for payment. You request further indicated that your work load from the Angola Correctional Facility is enormous and that you need the monies due your office. You question whether the Department must begin paying six thousand dollars into the West Feliciana Clerk of Court salary fund on an annual basis.
Our Letter of Advice concluded that the Department of Corrections must annually pay six thousand dollars into the salary fund of the clerk of court of each parish for each state adult correctional facility located in the parish. In response to your most recent request for payment, the Department sent you a letter stating that it "specifically requests that sufficient funds be appropriated for the payment of those costs included in La.R.S. 13:793 for the Clerks of Court in the parishes in which state correctional facilities are located. Unfortunately, these requests have not been included in the Executive Budget. Because the funds appropriated to the Department must be used for the management and operation of the *Page 2 
the Department must be used for the management and operation of the Department of a priority basis, we are unable to pay the amounts you have requested for your salary fund."
When discussing the rules of statutory construction, the Supreme Court of Louisiana has stated that when a law "is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written and no further interpretation may be made in search of legislative intent." Cat's Meow, Inc. v. City of New Orleans throughDept. of Fin., 98-0601, 720 So.2d 1186, 1198 (La. 10/20/98); La.C.C. art. 9. The statutory interpretation of "shall" is set forth in La.R.S.1:3, which provides that:
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive.
We believe the language of La.R.S. 13:793 is clear and unambiguous and should be applied as written. The statute states that the Department of Corrections shall annually pay six thousand dollars into the salary fund of the clerk of court of each parish for each state adult correctional facility located in the parish. Angola Correctional Facility is a state adult correctional facility located in West Feliciana Parish. Therefore, the Department of Corrections is required to annually pay six thousand dollars into the West Feliciana Clerk of Court salary fund. The statute requires that such payment be made out of the Department's appropriated funds. The statute does not require a specific appropriation to the Department of Corrections for the purpose of making such annual payments. The Department cannot refuse to make the statutorily mandated payments simply because the Department did not receive a line item appropriation for that specific purpose.
Accordingly, it is the opinion of this office that La.R.S. 13:793
requires that out of the funds appropriated to the Department of Corrections each year, the Department must make payments into the salary fund of the clerk of court of each parish for each state adult correctional facility located therein, including West Feliciana Parish. Because the Department is required to make payments annually, the Department must pay six thousand dollars this fiscal year, and must pay an additional six thousand dollars for every prior fiscal year for which the Department made no payment. However, we are aware that the Department has many statutory obligations it is required to meet, some of which are more *Page 3 
directly related to public safety than others.[1] In the event the money appropriated by the legislature to the Department in a fiscal year is insufficient to meet all of these obligations, we offer no opinion regarding in what order the obligations should be paid.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 BY: __________________________
 Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/crt
[1] For example, the Department of Corrections shall "reimburse the cost of extraordinary medical expenses incurred in emergency circumstances when the health of the inmate requires the use of the closest services available." La.R.S. 15:824(c). The Department "out of its appropriated funds, shall annually allocate fifteen thousand dollars to the governing authority of the town of Jackson, for use solely to provide funds for the employment of two additional deputy marshals to provide extra law enforcement in and around the town of Jackson made necessary by reason of the location of Dixon Correctional Institute." La.R.S. 15:824.1. The Department "shall pay the costs of notarial seals and bonds, if required, for ex-officio notaries public appointed pursuant to this Section." La.R.S. 15:825.1(D). The Department "shall reimburse the sheriff, for keeping and feeding any inmate assigned to his custody, in accordance with the amount set by R.S. 15:824(B)." La.R.S. 15:832(h).